UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
NEW YORK MARINE AND GENERAL :
INSURANCE CO, et al., :
                                  Plaintiffs, :     21 Civ. 1078 (LGS)
                                             :
                   -against- :     **OPINION & ORDER**
                                             :
OHIO SECURITY INSURANCE COMPANY, :
et al., :
                                Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       In this action, Plaintiffs seek a declaratory judgment that Defendant Ohio Security Insurance Company is obligated to defend and indemnify the three so-called "Construction Plaintiffs"[1] in an underlying personal injury action, and that Ohio Security's policy is primary to Plaintiff New York Marine's policy. The Construction Plaintiffs also seek damages. Ohio Security removed this case from New York Supreme Court based on diversity jurisdiction.

       Plaintiffs are citizens of New York and New Jersey. Defendant Ohio Security is diverse, as it is a citizen of New Hampshire and Massachusetts. Defendant Carben Contracting Construction, Inc. ("Carben") is not diverse as it is a citizen of New York. Plaintiffs move to remand on the ground that the Court lacks subject matter jurisdiction because the parties are not fully diverse. The motion is denied because Carben is realigned as a plaintiff, resulting in full diversity, as explained below.

---

[1] Plaintiffs HSRE-EB York, LLC, Bedford Arms Construction, LLC and EB Construction Group, LLC.

## I. BACKGROUND

In brief, two of the Plaintiffs entered into a contract with Carben as subcontractor to perform construction activities. This contract required Carben to indemnify the Construction Plaintiffs and procure insurance and name the Construction Plaintiffs as additional insureds. Carben secured insurance from Defendant Ohio Security with Carben as the insured and the Construction Plaintiffs as additional insureds. During the coverage period, Edgar Alvarez allegedly sustained personal injuries arising out of the construction activities and commenced a lawsuit in state court against the Construction Plaintiffs ("*Alvarez* Action"). Construction Plaintiffs impleaded Carben as a third-party defendant in the *Alvarez* Action.

On December 23, 2020, Plaintiffs commenced this action against Ohio Security and Carben in New York Supreme Court. On February 7, 2021, Ohio Security removed the case to this court.

## II. STANDARD

The subject matter jurisdiction of federal district courts is limited. Diversity jurisdiction exists when plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." 28 U.S.C. § 1441; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Remand to state court is required if complete diversity of citizenship of the parties is not met. *See Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010). In resolving questions of jurisdiction, the district court may refer to evidence outside the pleadings. *See Broidy Cap. Mgmt. LLC v, Benomar*, 944 F.3d 436, 441 (2d Cir. 2019) (citing *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002)). Removal

statutes are strictly construed and all doubts should be resolved in favor of remand. *See Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).

## III. DISCUSSION

Carben is properly re-aligned as a plaintiff in this action as its interests are in line with Construction Plaintiffs. As such, there is complete diversity, and the Court has subject matter jurisdiction.

In determining whether diversity exists, the Court will realign a party "according to [its] real interests so as to produce an actual collision of interests." *Maryland Cas. Co. v. W.R. Grace and Co.*, 23 F.3d 617, 622 (2d Cir. 1993), *as amended* (May 16, 1994). This is a fact-specific inquiry that requires the Court to "look beyond the pleadings and arrange the parties according to their sides in the dispute." *Id.* at 622-23; *accord Genger v. Genger*, 771 F. App'x 99, 100 (2d Cir. 2019) (summary order).

An examination of the record shows that Carben should be realigned as a plaintiff in this case. Carben and the Construction Plaintiffs both have potential liability and defense costs in the *Alvarez* Action. Both Carben and the Construction Plaintiffs have coverage under the insurance policy at issue -- Carben as the insured and Construction Plaintiffs as additional insureds. Both Carben and the Construction Plaintiffs seek an interpretation of the policy in this action that would provide coverage in the *Alvarez* Action. *See generally Franco Belli Plumbing & Heating & Sons, Inc. v. Liberty Mut. Ins. Co.*, No. 12 Civ. 128, 2012 WL 2830247, at *5 (E.D.N.Y. Apr. 19, 2012) (finding an insurer's duty to defend applies equally to additional insured as named insured). Construction Plaintiffs' success would also eliminate their potential claims against Carben for indemnification or breach of a contractual obligation to procure insurance.

Carben is realigned as a plaintiff in this case. Accordingly, the Court need not decide the other issue identified by the parties in their briefs, namely whether Carben is a nominal defendant in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand this matter to the New York Supreme Court is denied. By **May 18, 2021**, the parties shall file an updated proposed CMP. The telephonic conference scheduled for May 13, 2021, at 10:30 A.M. is canceled. The stay imposed by Dkt. No. 11 is lifted.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 12.

SO ORDERED.

Dated: May 7, 2021
      New York, New York

                                                     **LORNA G. SCHOFIELD**
                                                     **UNITED STATES DISTRICT JUDGE**